1 | Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
2 | The Waterfront Building
2749 Hyde Street
3 | San Francisco, California 94109
Telephone: (415) 353-0999
4 | SACsimile: (415) 353-0990

5 | Attorneys for Defendants CITY OF SUNNYVALE, DEVON KLEIN,
CAROL RUSHMEYER and KELLY FITZGERALD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BRUCE MILLAR, PATRICIA MILLAR, and DAVID MILLAR, | Case No.: CV10-0827 EJD |
|---|---|
| Plaintiffs, vs. | **DEFENDANTS CITY OF SUNNYVALE, DEVON KLEIN, CARL RUSHMEYER AND KELLY FITZGERALD'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; FRCP 12(b)(6) AND 12(e) AND JURY DEMAND** |
| City of Sunnyvale, a municipal corporation within the State of California; Bureau of Police Chief Don Johnson; Bureau of Police Deputy Chief Mark Stivers; Bureau of Police Captain Kelly Fitzgerald; Bureau of Police Lieutenant Carl Rushmeyer; Bureau of Police Lieutenant Tracy Hern; Bureau of Police Lieutenant "Tim" Ahearn, Bureau of Police "PTO" Devon Klein; Bureau of Police "PSO" Ben Holt; Bureau of Police "PSO" Sean Werner; Bureau of Police "PSO" John Crouch; Bureau of Police "PSO" Eric Golembiewski; David Kahn, City Attorney, City of Sunnyvale; Rebecca Moon, Assistant City Attorney, City of Sunnyvale; Craig M. Brown; and DOES 1-50, Defendants. | Date: September 16, 2011<br>Time: 9:00 a.m.<br>Courtroom 1, 5th Floor<br>Honorable Edward J. Davila |

---

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO
DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on **September 16, 2011 at 9:00 a.m.**, or as soon thereafter as the matter may be heard in Courtroom 1, 5th Floor, of the above-entitled Court, located at 280 South First St., San Jose, California, defendants City Of Sunnyvale, Devon Klein, Carl Rushmeyer and Kelly Fitzgerald will and hereby do move this Court for an order granting dismissal of the claims specified below, which are contained in plaintiffs' Second Amended Complaint, for failure to state any claim upon which relief can be granted.

This motion is brought pursuant to FRCP Rule 12(b)(6) and 12(e), as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because plaintiffs' second amended complaint fails to allege facts sufficient to state any claim upon which relief can be granted against defendants and is so vague and ambiguous defendants cannot reasonably prepare a response as more particularly set forth below.

This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

Defendants also demand a jury trial in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. SUMMARY OF ARGUMENT & STATEMENT OF ISSUES TO BE DECIDED**

Plaintiffs Bruce Millar, Patricia Millar and David Millar bring this action against defendants arising out of an incident on November 28, 2006 in which they contend City of Sunnyvale officers unlawfully entered their home, unlawfully detained them and used excessive force against David Millar.[1] The parties agreed to extend the statute of limitations on plaintiffs' claims to August 10, 2009, and plaintiffs originally filed their Complaint on August 7, 2009.

Defendants' motion to dismiss plaintiffs' original complaint was granted with leave to amend

---

[1] Plaintiffs have not served the recently added defendants and it appears they have not yet obtained summonses for these defendants. The instant motion thus is made on behalf of defendants the City, Klein, Rushmeyer and Fitzgerald only.

1

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

on June 17, 2010. Notwithstanding the Court's Order, plaintiffs' first amended complaint failed to remedy the defects in the original complaint and again failed to state facts sufficient to state claims upon which relief can be granted. This Court granted dismissal of plaintiffs' first amended complaint with leave to amend as to their state law conspiracy claim and § 1983 claim related to the Second Amendment only. Dismissal was granted with prejudice as to the remaining issues in the motion to dismiss the first amended complaint. (Order dated February 16, 2011, p. 18-19.) Notwithstanding the Court's detailed order, however, plaintiffs continue to assert claims that have been dismissed with prejudice and fail to amend their complaint to cure the defects in the prior iterations of their complaint.

The second amended complaint is subject to dismissal under F.R.C.P. Rule 12(b)(6), for the following reasons:

(1) The second amended complaint continues to assert claims that previously were dismissed with prejudice and also violates FRCP Rule 8;
(2) Plaintiffs' second amended complaint fails to state facts sufficient to state a claim for conspiracy under state law;
(3) Plaintiffs' second amended complaint again asserts claims under 42 U.S.C. Section 1983 for violation of the Fifth and Fourteenth Amendments that were dismissed with prejudice; and
(4) Plaintiffs' amended complaint again fails to state a claim under Section 1983 for violation of the Second Amendment.

Argument and authorities on these points follow.

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs allege that on November 28, 2006, they were at home asleep when they were awakened by pounding at their front door. (See plaintiff's second amended complaint, "SAC", ¶¶11, 17-18.) They opened the door and found police officers claiming to have a warrant for the arrest of a David Millar and demanding entry into the home. (SAC ¶ 19.) Plaintiffs contend officers should have known the David Millar sought already was incarcerated. (SAC ¶¶ 13.) Plaintiffs claim they asked to see the warrant, but officers refused. Defendant Klein demanded immediate entry and plaintiffs refused. Plaintiff Bruce Millar said he would go to David's bedroom to awaken him and bring him to the front door to confirm that he was not the person sought by the warrant. (SAC ¶ 19.) They claim Klein and Rushmeyer assaulted Patricia by forcing their way into the home, striking her with the door. (SAC ¶ 21.)

2

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

1  Bruce Millar went into David's bedroom to wake him but did not turn on the bedroom light.
2  He then quickly returned to the foyer. He claims he was shoved out of the way by Officer Klein as
3  Klein quickly moved toward David's bedroom, believing David was the individual in the warrant and
4  would resist arrest when he emerged from the room. (SAC ¶ 23.) When David woke up, he heard
5  Bruce's voice but did not see him. He believed the home was being invaded and he picked up one of
6  the guns he kept in his bedroom and shouted the warning, "I have a gun". David went to his bedroom
7  doorway with the gun in his hand pointing downward. He saw the officers' outline, believed they
8  might be police officers, and he dropped the gun. Plaintiffs claim Officer Klein then attacked David,
9  forced him back into his bedroom, pushed him to the floor and repeatedly punched him, breaking the
10  orbital bone beneath his left eye and causing other injuries. (SAC ¶ 26.)

11  Plaintiffs claim defendant Klein forced David to exit the house and sit on the curb dressed
12  only in a "tee-shirt and sleeping briefs". They claim Klein told David he was "a felon in possession
13  of a weapon" in the presence of unidentified third parties, which could include any neighbors that
14  might have been awake and might have heard the remarks. (SAC ¶ 27.) Plaintiffs claim defendants
15  kept Bruce and Patricia imprisoned in their home during this time. (SAC ¶ 30.)

16  Plaintiffs' amended complaint now adds entirely new allegations that *after* the incident,
17  defendants falsely noted "defamatory characteristics" about David in the police computer system, so
18  that, <u>in the future</u>, "any emergency services provider . . . would be reluctant to come without an
19  armed police escort due to said reports." (SAC ¶ 31.) They also claim that defendants added further
20  false information to their false police reports, by attributing statements to Bruce and Patricia that
21  David was "paranoid schizophrenic" who "always comes to the front door with a loaded weapon in
22  his hand", to cover up the incident. Plaintiffs also speculate that the City Attorneys were part of the
23  subsequent cover up because the police report "cites legal precedents . . . in ways that an attorney
24  would." (SAC ¶ 31.) They allege the false reports were concocted as part of a plan to intimidate
25  plaintiffs from seeking redress. (SAC ¶ 40.)

26  Plaintiffs allege the officers were not properly trained and the City ratified the officers'
27  conduct by not firing or disciplining the officers. (SAC ¶ 37.)

28  Plaintiffs claim their constitutional rights were violated and they seek relief based on

3

California state law and under California Civil Code §§ 52 et seq. and 42 U.S.C. Sections 1983 through 1988. (SAC ¶ 1.)

### III. ARGUMENT

**A. Plaintiffs' Second Amended Complaint Is Subject To Dismissal Under Federal Rules Of Civil Procedure, Rule 12(b)(6), Because The Complaint Fails To State Sufficient Facts**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. (*Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991).) Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990).) In determining the adequacy of the pleading, the Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).) However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in the complaint. (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); SEC *v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

As the Supreme Court recently reiterated, "the pleading standard [FRCP] Rule 8 announces does not require 'detailed factual allegations,' but **it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement**.'" [Emphasis added.] (*Ashcroft v. Iqbal,* ___U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, (2007 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are 'merely

4

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Ashcroft*, 129 S.Ct. at 1949; *see also, Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).) "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" (*Ashcroft*, 129 S.Ct. at 1950.)

Further, "leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile. . . . If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).)

As discussed below, plaintiffs' second amended complaint again fails to state facts sufficient to state each of the claims asserted against defendants. Further amendments would be futile and defendants' motion to dismiss, therefore, should be granted without leave to amend.

**B.     Plaintiffs' Second Amended Complaint Continues To Assert Claims That Previously Were Dismissed With Prejudice And Also Violates FRCP Rule 8**

In addition to plaintiffs' failure to state facts sufficient to state each of the claims identified, the second amended complaint also is replete with extraneous allegations that confound and obfuscate the bases for plaintiffs' action. It is well-settled that the Federal Rules of Civil Procedure require that all allegations be "short and plain." (*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).) Courts have the power to dismiss a complaint for violations of FRCP Rule 8(a)'s "short and plain" requirement. (See *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming a dismissal with prejudice where the complaint did not contain a short and plain statement of the claims for relief, did not give defendants a fair opportunity to frame a responsive pleading, and did not give the court a clear statement of claims after three attempts); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (dismissing a 155-page complaint, the court stated

5

the complaint was so "sprawling" as to be "incomprehensible" and that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud").)

Plaintiffs' second amended complaint fails to give defendants a fair opportunity to frame a responsive pleading and requires defendants and this Court to guess as to the claims being asserted and the bases for plaintiffs' claims. For example, plaintiffs appear to again assert a claim for *Monell* liability under Section 1983 even though the *Monell* claim was dismissed with prejudice. The introductory statements states that plaintiffs bring this action against:

> (b) The City of Sunnyvale Department of Public Safety, Bureau of Police Chief Don Johnson, as the ultimate supervisory officer responsible for the conduct of the defendants and for his failures to: (i) take corrective action with respect to police personnel whose laziness, incompetence and arrogance were known to him and appear to be the subject of humor within the Department; (ii) assure proper training and supervision of said personnel, including proper investigative techniques to determine the true reasons for unwarranted invasions of the homes of citizens of Sunnyvale; and/or (iii) implement meaningful procedures to discourage incompetent, lazy, inattentive and arrogant unlawful conduct on the part of police officers under Johnson's control . . . (SAC § 1(b).)

The second amended complaint also continues to include allegations that appear to relate to a *Monell* claim based on a theory of ratification. (SAC ¶ 37, 18:15-18.) Further, the federal causes of action are identified as being asserted as "Against All Individual Defendants". (SAC 27:12-13.) The second amended complaint, therefore, appears to again assert a § 1983 claim against Chief Johnson under *Monell* (as he was not present and did not participate in the subject incident). Plaintiffs' cause of action for *Monell* liability under § 1983, however, was dismissed with prejudice in the Court's order dated February 16, 2011 and their attempt to reassert such claims is improper.

Plaintiffs also specifically allege that defendants are being sued "under 42 U.S.C. Sections 1983 through 1988." (SAC 2:20-21.) The Court, however, previously dismissed plaintiffs' cause of action under § 1985(3). Defendants cannot determine whether plaintiffs are attempting to circumvent the Court's prior Order and intend to continue pursuing claims under Section 1985 or possibly another section.

Plaintiffs similarly continue to improperly assert claims under the Fifth and Fourteenth Amendments, which the Court already dismissed with prejudice. (SAC ¶¶ 2, 61, 73-74; Order

6

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

2/16/11, 18:17-19; *See discussion in Section "D" infra, incorporated herein by reference*.) Plaintiffs' Section 1983 claim also states that their civil rights were violated because they have the right to "be free from . . . conspiracies to deprive Plaintiffs of their rights…" (SAC ¶ 73.) Claims for conspiracy to violate § 1983, however, likewise were dismissed with prejudice. (Order 2/16/11, 18:20-21.)

Plaintiffs' second amended complaint is replete with unnecessary, extraneous allegations that confuse the issues and claims asserted. To the extent plaintiffs disregard the Court's prior order and assert previously dismissed claims, such tactics plainly are improper and the claims once again should be dismissed. Plaintiffs also should be required to provide a more definite statement of their claims under FRCP Rule 12(e) to clarify the vague and ambiguous matters specified herein. Defendants cannot formulate a meaningful response to plaintiffs' second amended complaint.

**C.     Plaintiffs' Second Amended Complaint Fails To State facts Sufficient To State A Claim For Conspiracy Under State Law**

In California, "The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." (*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994).) Civil conspiracy requires a "common plan or design" prior to engaging in any acts. (*Id*. at 510-11.) "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of the other coconspirators within the ambit of the conspiracy." (*Id.*)

Plaintiffs' conspiracy claims in this case once again are based on allegations that "In the following days" <u>after</u> the incident, defendants then "falsely attributed defamatory characteristics to David Millar" to justify their conduct that had <u>already occurred</u> at plaintiffs' residence. (SAC ¶ 31.) They claim defendants concocted a "whitewash of what happened on November 28, 2006" by making certain claims <u>after</u> initial police reports were filed, and then additionally falsified initial reports and "participated in said orchestration of falsehoods "after the fact" (SAC ¶ 31.) The allegations are virtually identical to the allegations in their prior complaint and plainly show that

7

defendants' alleged participation in a conspiracy, did not occur until **after** the incident at plaintiffs' residence was complete. There are no allegations of any common plan or design prior to the officers' contacts with plaintiffs at their home.

This Court previously granted dismissal of plaintiffs' conspiracy claim under state law and allowed plaintiffs leave to amend. The Court specifically noted that plaintiffs "fail[ed] to allege actual or realized harm resulting from the falsification." (Order 2/16/11, 8:8.) The second amended complaint, however, still fails to allege facts showing any actual or realized harm resulting from the purported conspiracy. Plaintiffs now allege that under the Fifth and Fourteenth Amendments they have "the right to be free of fear of future violations of those rights" and to "subsequent timely and just monetary compensation for the violation of those rights". (SAC 25:8-12.) They further allege that "Harm to plaintiffs, resulting from said collaborative misconduct by each Defendant includes the additional fear and emotional distress suffered by plaintiffs since November 29, 2006, as a result of their becoming aware that their 'public servants' … schemed to deprive Plaintiffs of just compensation". (SAC 25:21-24.) Plaintiffs' not receiving a prompt monetary settlement or fear and distress at not receiving such settlement is not a compensable, actual or realized harm. Nor is there any such "right to be free of fear" or right to speedy monetary compensation upon mere claims of misconduct. The second amended complaint again fails to state facts sufficient to state a claim for conspiracy under state law. Plaintiffs repeatedly have demonstrated that they cannot state facts sufficient to state a claim for conspiracy and further amendment in this regard is futile. Plaintiffs' conspiracy claim should be dismissed without leave to amend.

**D. Plaintiffs' Second Amended Complaint Again Asserts Claims Under 42 U.S.C. Section 1983 For Violation Of The Fifth And Fourteenth Amendments That Were Dismissed With Prejudice**

Plaintiffs' original complaint failed to specify the constitutional rights upon which their Section 1983 claims are based, and in granting dismissal with leave to amend, this Court specifically ordered that "Plaintiffs shall clearly allege which constitutional rights they are invoking for their Section 1983 claim." (Order dated 6/17/10, 8:19-20.) The second amended complaint, nevertheless, again fails to allege which constitutional rights they are invoking and appears purposefully vague and ambiguous.

8

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' . . . The first step in any such claim is to identify the specific constitutional right allegedly infringed." (*Albright v. Oliver* (1994) 510 U.S. 266, 271.) The well settled rule is that "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment . . . must be the guide for analyzing these claims.'" (*Id*. at 273, *citing Graham v. Conor,* 490 U.S. 386, 394 (1989).) "**The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it**." [Emphasis added.] (*Id*. at 274; *see also Graham, supra*.)

Plaintiffs' complaints plainly have revealed that their claims are based on the allegedly unlawful entry of their home, detention of plaintiffs and excessive force during the incident. The Fourth Amendment specifically addresses the matter of pretrial deprivations of liberty and must be the guide for analyzing plaintiffs' claims. <u>This Court dismissed with prejudice plaintiffs' claims under the Fifth and Fourteenth Amendments</u>. (Order 2/16/11, 18:17-19.) Nevertheless, plaintiffs' second amended complaint again references the Fifth and Fourteenth Amendments, "due process of law" and "substantive or procedural due process". (SAC ¶¶ 2, 61, 74.) The ambiguity of plaintiffs' pleading is further compounded by their refusal to "clearly allege which constitutional rights they are invoking for their Section 1983 claim" as ordered by this Court. Instead of simply identifying the specific constitutional rights under their Section 1983 claim, plaintiffs incorporate the 70 preceding paragraphs, replete with extraneous allegations, into the Section 1983 action. Plaintiffs' second amended complaint appears to continue to assert Section 1983 claims pursuant to the Fifth and Fourteenth Amendment, directly contravening the Court's order of dismissal. Plaintiffs' Fifth and Fourteenth Amendment claims again must be dismissed.

**E.     Plaintiffs' Amended Complaint Again Fails To State A Claim Under Section 1983 For Violation Of The Second Amendment**

This Court dismissed plaintiffs' Section 1983 claim with respect to the Second Amendment and allowed plaintiffs leave to amend. The Court found that "Plaintiffs fail to allege facts sufficient to state a claim for violation of their Second Amendment rights. Specifically, while Plaintiffs allege a fundamental right protected by the Second Amendment, they fail to allege facts that Defendants' hostility burdened Plaintiffs' right. Thus the Court find Plaintiffs fail to sufficiently allege a violation

of their Second Amendment rights." (Order 2/16/11, 11:9-13.) Plaintiffs' second amended complaint fails to cure these defects. Plaintiffs again allege that they believe defendants are "hostile" to Second Amendment rights and "mock such citizens, including Plaintiffs, as 'constitutionalists' who wrongly assert a 'right to bear arms'." (SAC ¶ 9, 6:20-21.) The amended complaint adds only that plaintiffs have the right to "own lawful weapons and keep them in his or her home without fear that having such weapons may lead to discriminatory treatment by police". (SAC ¶ 73, 27:19-21.) The second amended complaint patently fails to address the defects specified in the Court's prior order, specifically, that defendants somehow burdened plaintiffs' right to bear arms. Fear that "discriminatory treatment" *may* occur is insufficient. Plaintiffs' Section 1983 claims for violation of the Second Amendment should be dismissed without leave to amend.

## V. CONCLUSION

For the reasons set forth above, defendants respectfully submit that the instant motion to dismiss plaintiffs' second amended complaint should be granted without leave to amend. Plaintiffs also should be required to provide a more definite statement of their claims and the bases for the claims against the particular defendants.

Dated: May 10, 2011　　　　　　　　　　BERTRAND, FOX & ELLIOT

　　　　　　　　　　　　　　　　By: ____/s/_____
　　　　　　　　　　　　　　　　　　Gregory M. Fox
　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　CITY OF SUNNYVALE, DEVON KLEIN,
　　　　　　　　　　　　　　　　　　CAROL RUSHMEYER and KELLY FITZGERALD

10

DEFENDANTS CITY OF SUNNYVALE, KLEIN, RUSHMEYER AND FITZGERALD'S NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT RE PLAINTIFFS' SECOND AMENDED COMPLAINT